UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF WOLINSKI,<br>   Plaintiff,<br><br>  v.<br><br>S. HATTON, et al.,<br>   Defendants. | Case No. 15-cv-05517-SI<br><br>**ORDER TO SHOW CAUSE RE. CONTEMPLATED DISMISSAL**<br><br>Re: Dkt. Nos. 1, 6 |

  Krzysztof Wolinski, a prisoner at Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He also has applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

  A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

  For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as

1   strikes for § 1915(g) purposes, so the mere fact that Wolinski has filed many cases does not alone
2   warrant dismissal of the present action under § 1915(g). *See id*. Rather, dismissal of an action
3   under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an
4   [earlier] action, and other relevant information, the district court determines that the action was
5   dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that a prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915, but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Wolinski is now given notice that the court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): First, in *Wolinski v. Los Angeles County Superior Court*, C. D. Cal. Case No. 12-CV-6775 UA-MRW, the court denied the *in forma pauperis* application because the complaint was "frivolous, malicious or fail[ed] to state a claim upon which relief may be granted," and the action was dismissed. Docket No. 2 at 1 in C. D. Cal. Case No. 12-CV-6775 UA-MRW. *See O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (case is "dismissed" for the purposes of § 1915(g) "when the court denies the prisoner's application to file the action without prepayment of the filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim, and thereupon terminates the complaint.") Second, in *Wolinski v. Court of Appeal Second Appellate District*, C. D. Cal. Case No. 12-CV-6902 UA-MRW, the court denied the *in forma pauperis* application because the complaint was "frivolous, malicious or fail[ed] to state a claim upon which relief may be granted," and the action was dismissed. Docket No. 2 at 1 in C. D. Cal. Case No. 12-CV-6902 UA-MRW. Third, *Wolinski v. Stoll*, E. D. Cal. Case No. 15-CV-468 AWI-JLT, was dismissed in October 2015 for failure to state a claim upon which relief may be granted. Docket Nos. 18 and 22 in E. D. Cal. Case No. 15-cv-468 AWI-JLT.

United States District Court
Northern District of California

Fourth, *Wolinski v. Shaffer*, E. D. Cal. Case No. 14-cv-2492 MCE-EFB, was dismissed in August 2015 for failure to state a claim upon which relief may be granted. Docket Nos. 10 and 17 in E. D. Cal. Case No. 14-cv-2492 MCE-EFB. The court made its evaluation of these cases based on the dismissal orders and docket sheets in them. *See Andrews*, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In light of these dismissals, and because Wolinski does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later than **April 29, 2016** why *in forma pauperis* status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why the action should not be dismissed, Wolinksi may avoid dismissal by paying the full $400.00 filing fee by the deadline.

**IT IS SO ORDERED**.

Dated:   March 28, 2016

_____
SUSAN ILLSTON
United States District Judge

3